IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50754
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BRIAN KEITH SPRATT; LEONARD EARL DAVIS,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Western District of Texas
(W-96-CR-89-5)
_____

June 9, 1998

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Defendants-appellants Brian Keith Spratt and Leonard Earl
Davis appeal their convictions and sentences for conspiracy to
possess with intent to distribute cocaine and attempted possession
with intent to distribute cocaine pursuant to 21 U.S.C. §§
841(a)(1) and 846.  We affirm.

Davis and Spratt argue that there was insufficient evidence of
an agreement between them or anyone else to possess with intent to
distribute cocaine.  The evidence is sufficient to show, beyond a
reasonable doubt, that Davis and Spratt had an agreement to possess

_____

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

with intent to distribute the cocaine. See United States v. Bermea, 30 F.3d 1539, 1551-52 (5th Cir. 1994). Any testimony by Davis to the contrary (i.e., that he did not make an agreement with Alvarado or that Spratt did not say anything) is an issue of fact to be decided exclusively by the jury based upon the credibility of the witnesses. Such testimony does not create an issue as to the sufficiency of the evidence. See United States v. Garcia, 995 F.2d 556, 561 (5th Cir. 1993). Spratt's statement to Alvarado about "rocking up" the cocaine makes it clear that he and Davis had agreed to obtain the cocaine and turn it into crack for distribution.

Davis and Spratt argue that the evidence is insufficient to show beyond a reasonable doubt that they attempted to possess with intent to distribute the cocaine. Spratt and Davis traveled to the Fandango bar carrying almost $18,000, participated in negotiations for the purchase of a kilogram of cocaine for $18,500, promised that they could quickly obtain more money to buy two more kilograms of cocaine if the first one was good, and were walking out to Alvarado's vehicle to take possession of the cocaine to determine its quality when they were arrested. All that remained was for them actually to take possession. The evidence was sufficient to show that Spratt and Davis intended and had taken a substantial step toward the commission of the crime of possession with intent to distribute cocaine. See United States v. August, 835 F.2d 76, 78 (5th Cir. 1987).

Davis and Spratt argue that the trial court erred in

2

instructing the jury on constructive possession. The instruction did not result in reversible error because it was at worst surplusage. It posed no danger of misleading the jury to convict on a theory not supported by the evidence. United States v. Kington, 875 F.2d 1091, 1098 (5th Cir. 1989).

Davis argues that the trial court erred in overruling his objections to the court's failure to give a jury instruction on the law of the defense of entrapment. Upon review of the entire record, Davis has failed to show lack of predisposition or government inducement. The district court did not abuse its discretion in not giving the instruction. See United States v. Branch, 91 F.3d 699, 712-13 (5th Cir. 1996), cert. denied sub nom., 117 S. Ct. 1466 (1997), and cert. denied, 117 S. Ct. 1467 (1997); United States v. Ivey, 949 F.2d 759, 768-69 (5th Cir. 1991).

Davis argues that the district court erred in overruling his objections to evidence that he did not have a sales permit and that the cellular telephone was a clone. Davis's defense was based in part upon his assertion that he was in the business of buying junk cars, repairing them, and reselling them, which he offered as his explanation of why he was carrying such a large amount of cash. Whether he had a permit to do so is relevant to the credibility of his asserted defense. Regarding the cellular telephone, the trial court gave a limiting instruction that the telephone evidence was being offered to show what phone numbers were called from that telephone and that the jury should not consider whether the telephone was stolen. After a review of the record and the

3

district court's instructions to the jury during the trial and before deliberations, we find that the district court did not abuse its discretion in admitting either type of evidence or in denying a mistrial. See United States v. Coleman, 78 F.3d 154, 156-57 (5th Cir.), cert. denied, 117 S. Ct. 230 (1996); United States v. Limones, 8 F.3d 1004, 1007-08 (5th Cir. 1993).

Davis and Spratt argue that the district court erred in basing their sentences on three kilograms of powder cocaine instead of one kilogram. Davis told Alvarado that he had brought money for only one kilogram of cocaine, but that if the cocaine was good, he could get the money to purchase the additional two kilograms within an hour. "That the agreement was subject to a condition does not make it any less an agreement." United States v. Grassi, 616 F.2d 1295, 1302 (5th Cir. 1980). The district court did not clearly err in sentencing Davis and Spratt based upon three kilograms of powder cocaine. See United States v. Mergerson, 4 F.3d 337, 345-46 (5th Cir. 1993).

Spratt argues that the district court erred in failing to grant his request for a two-level adjustment for a minor role in the offense. Spratt was going to take part in converting the powder cocaine into crack to determine its quality, which was a central part of the conspiracy. The district court did not clearly err in denying the adjustment. See United States v. Mitchell, 31 F.3d 271, 278-79 (5th Cir. 1994).

AFFIRMED.

4